UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIDSPOTTER, INC., <br><br>                                      Plaintiff, <br><br> -against- <br><br> KOSTER INDUSTRIES, INC., <br><br>                                      Defendant. | **ATTORNEY DECLARATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** <br><br> Case No. 2:21-cv-01726 (DG-AKT) |

I, DUSTIN GRANT, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1. I am a member of the bar of this Court and an attorney for plaintiff BidSpotter, Inc. ("BidSpotter").  I make this Declaration in support of plaintiff's motion for a default judgment under Federal Rule of Civil Procedure 55(b)(1) and Local Civil Rule 55.2(a) against defendant Koster Industries Inc. ("Koster Industries").

2. A copy of a proposed Default Judgment is attached hereto as Exhibit A. A copy of the Complaint is attached as Exhibit B.

3. Federal Rule of Civil Procedure 55 allows the Court to enter a default judgment against a party when that party "has failed to plead or otherwise defend." Courts in this circuit have consistently held that default is the appropriate remedy for failure to answer the complaint or otherwise defend. *See, e.g., United States v. DiPaolo*, 466 F. Supp. 2d 476, 482-483 (S.D.N.Y.

2006); *Alston v. Northstar La Guardia LLC*, 10-cv-3611 (LAK) (GWG), 2010 WL 3432307, at *1 (S.D.N.Y. Sept. 2, 2010).

4. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is a two-step process for the entry of judgment against a party who fails to defend. *City of N.Y. v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 128 (2d Cir. 2011). First, if a defendant has failed to answer timely or otherwise defend the action, then the plaintiff may apply to the Clerk of the Court for entry of a certificate of default pursuant to Rule 55(a). *New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005). Second, if the defendant still fails to appear after the entry of default, the plaintiff may seek a judgment by default under Rule 55(b). *Id.*

5. Plaintiff BidSpotter applied for entry of a certificate of default, and the Clerk of Court has noted the default of defendant Koster Industries. *See* ECF No. 13. A copy of the Certificate of Default against Koster Industries is attached hereto as Exhibit C.

6. Plaintiff now seeks entry of a default judgment against defendant Koster Industries under step two of Rule 55's two-step process.

**I.   Defendant Koster Industries Inc. Has Defaulted in This Proceeding.**

7. The Plaintiff on March 30, 2021, filed in this cause a Complaint against defendant Koster Industries. ECF No. 1.

8. Examination of the court files and record in this cause shows that defendant Koster Industries was served with a copy of summons, together with a copy of plaintiff's Complaint, on April 12, 2021. *See* ECF No. 7.

9. Defendant Koster Industries has not answered or otherwise moved with respect to the Complaint, and the time for defendant Koster Industries to answer or otherwise move has not been extended.

10. The Clerk of Court has noted the default of defendant Koster Industries. *See* ECF No. 13. A copy of the Certificate of Default against Koster Industries is attached hereto as Exhibit C.

## II. Personal Jurisdiction Exists Over Defendant Koster Industries Inc.

11. This Court has personal jurisdiction over Koster Industries because Koster Industries transacts business in and is headquartered in this district.

## III. Plaintiff Has Established Its Claims for Breach of Contract and, in the Alternative, Account Stated.

12. On a motion for entry of a default judgment, the allegations of the complaint are deemed admitted where the defendant fails to answer. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2nd Cir. 1992). However, a "default ... only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 Fed. Appx. 54, 56 (2nd Cir. 2013).

13. Plaintiff BidSpotter has established defendant's liability for both breach of contract and, in the alternative, account stated.

14. The elements of a breach of contract claim under New York law are: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Martino v. MarineMax Ne., LLC*, No. 17-cv-4708, 2018 WL 6199557, at *3 (E.D.N.Y. Nov. 28, 2018) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)).

15. The Complaint establishes each of these four elements. Specifically, the parties entered into a series of agreements with identical terms, pursuant to which plaintiff BidSpotter

agreed to host a series of online auctions on behalf of defendant Koster Industries. *See* Complaint ¶ 8-9. In exchange for these services, defendant Koster Industries agreed to pay BidSpotter a $375.00 Timed Online Only Auction Event Fee and a transaction-based fee of 3% of the aggregate hammer price paid by online bidders placing the winning bid for auctioned items. *Id.* ¶ 9.

16. Plaintiff performed pursuant to each of these agreements, and shortly after the conclusion of each of these auctions, provided Koster Industries with separate invoices, each requiring payment roughly two weeks after the date of invoice. *Id.* ¶ 8, 10. The most recent invoice was dated October 9, 2020, with a payment due date of October 24, 2020. *Id.* ¶ 10.

17. Koster Industries has breached these agreements and remains in default on 23 of the remaining invoices from auctions occurring from the period of December 2019 to September 2020. *Id.* ¶ 13. The total amount due on these invoices is $167,148.95 as provided below:

| Event # | Invoice Number | Inv Date | Due Date | Open Balance |
|---|---|---|---|---|
| bscko10407 | 36590 | 01/30/2020 | 02/14/2020 | 1,749.75 |
| bscko10406 | 36668 | 01/31/2020 | 02/15/2020 | 1,494.45 |
| bscko10405 | 36709 | 02/07/2020 | 02/22/2020 | 2,775.30 |
| bscko10404 | 36777 | 02/17/2020 | 03/03/2020 | 1,599.00 |
| bscko10409 | 36783 | 02/18/2020 | 03/04/2020 | 994.80 |
| bscko10408 | 36850 | 02/27/2020 | 03/13/2020 | 3,600.75 |
| bscko10410 | 36871 | 02/29/2020 | 03/15/2020 | 7,173.75 |
| bscko10411 | 36963 | 03/12/2020 | 03/27/2020 | 1,250.00 |
| bscko10411 | 37033 | 03/23/2020 | 04/07/2020 | 10,011.75 |
| bscko10412 | 37081 | 03/24/2020 | 04/08/2020 | 1,837.50 |
| bscko10414 | 37150 | 03/31/2020 | 04/15/2020 | 749.10 |
| bscko10413 | 37163 | 03/31/2020 | 04/15/2020 | 1,815.75 |
| bscko10415 | 37185 | 04/07/2020 | 04/22/2020 | 1,087.50 |
| bscko10417 | 37259 | 04/24/2020 | 05/09/2020 | 2,108.55 |
| bscko10416 | 37509 | 05/31/2020 | 06/15/2020 | 566.70 |
| bscko10418 | 38035 | 07/28/2020 | 08/12/2020 | 98,788.95 |
| bscko10420 | 38087 | 07/31/2020 | 08/15/2020 | 504.60 |
| bscko10419 | 38107 | 07/31/2020 | 08/15/2020 | 3,086.55 |
| bscko10421 | 38293 | 08/26/2020 | 09/10/2020 | 14,438.85 |
| bscko10423 | 38351 | 08/31/2020 | 09/15/2020 | 1,522.35 |
| bscko10422 | 38399 | 09/09/2020 | 09/24/2020 | 3,246.30 |

| | | | | |
|---|---|---|---|---|
| bscko10424 | 38446 | 09/11/2020 | 09/26/2020 | 5,098.05 |
| bscko10425 | 38704 | 10/09/2020 | 10/24/2020 | 1,648.65 |
| **TOTAL BALANCE DUE** | | | | **$ 167,148.95** |

18. The above-referenced invoices are included as Exhibit A to the Complaint.

19. Alternatively, Plaintiff has also established defendant's liability for account stated

20. "To establish a claim for account stated, a plaintiff must plead that: (1) an account was presented; (2) it was accepted as correct; and (3) [the] debtor promised to pay the amount stated." *Camacho Mauro Mulholland LLP v. Ocean Risk Retention Grp., Inc.*, No. 09 CIV. 9114 (SAS), 2010 WL 2159200, at *2 (S.D.N.Y. May 26, 2010) (internal citations and quotations marks omitted). An implied account stated exists where a party receives bills without objecting to them within a reasonable period of time or makes partial payment on the account. *See id.*; *see also Citibank (S. Dakota), N.A. v. Brown-Serulovic*, 948 N.Y.S.2d 331, 332 (N.Y. App. Div. 2012).

21. The Complaint establishes the requisite elements for a claim for account stated. Specifically, BidSpotter provided Defendant Koster Industries with dozens of invoices seeking payment for Koster Industries' use of BidSpotter's services rendered. *See* Complaint ¶¶ 10, 13, 24. Defendant Koster Industries has made partial payment on the account through two payments, which were applied to earlier invoices. *Id.* ¶ 12. Additionally, Koster Industries has failed to object to any of the invoices in question. *Id.* ¶¶ 11, 25.

### III. Principal Amount Due and Owing, and Computation of Interest.

22. As set forth above, the total amount due and owing under the breached agreements between BidSpotter and Koster Industries is $167,148.95.

23. The amount of statutory interest that has accumulated on this amount since the date of defendant's final breach, October 24, 2020, is $8,613.90 (i.e. $167,148.95 * (9% per annum statutory interest rate) * (209/365 days)).

24. The total amount due and owing, inclusive of statutory interest is $175,762.85.

WHEREFORE, plaintiff requests that a default judgment be entered in favor of plaintiff BidSpotter, Inc. against defendant Koster Industries Inc. in the amount of $175,762.85, which is the sum of the outstanding balance ($167,148.95) due under the breached agreements, plus the interest on the damages amount accrued through May 21, 2021 ($8,613.90). A copy of a proposed Judgment is attached as Exhibit A.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge and that the amount claimed is justly due to plaintiff.

Dated: New York, New York
May 21, 2021

Dustin Grant
Hoguet Newman Regal & Kenney, LLP
One Grand Central Place
60 East 42nd Street, 48th Floor
New York, NY 10165
Phone: 212-689-8808