**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
BIDSPOTTER, INC.,

                                Plaintiff,                       **REPORT AND**
                                                       **RECOMMENDATION**
               -against-                            CV 21-1726 (DG) (ARL)

KOSTER INDUSTRIES, INC.,

                                  Defendant.
---------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

The plaintiff, BidSpotter Inc. ("BidSpotter"), commenced this action on March 30, 2021,

against the defendant, Koster Industries, Inc. ("Koster"), asserting claims for breach of contract

and accounts stated. On May 21, 2021, BidSpotter moved for a default judgment. By order

dated May 26, 2021, District Judge Gujarati referred the motion to Magistrate Judge Tomlinson

to determine whether the motion should be granted and, if so, the appropriate amount of damages

to be awarded. On November 12, 2021, this case was reassigned to the undersigned and, on

November 29, 2021, District Judge Gujarati rereferred the motion. For the reasons set forth

below, the undersigned respectfully recommends that the plaintiff's motion for a default

judgment be granted and the plaintiff be awarded $167,148.95, plus $8,613.90 in prejudgment

interest, for a total award of $175,762.85.

## BACKGROUND

### A.    Factual Background

The following facts are taken from the complaint as well as the plaintiff's motion for

default judgment and the exhibits attached to that motion. BidSpotter is a business entity

organized and existing under the laws of the state of Delaware with a principal place of business

in Omaha, Nebraska. Compl. ¶ 3. BidSpotter organizes and hosts online auctions where

licensed auctioneers and individual cosigners can offer assets for sale.  *Id.* ¶ 7.  BidSpotter

primarily hosts auctions for equipment used in the industrial, commercial, construction,

metalworking, agricultural and food & beverage industries.  *Id.*  Koster is a business entity

organized and existing pursuant to the laws of the state of New York with a principal place of

business in Farmingdale, New York.  *Id.* ¶ 4.

According to the complaint, BidSpotter hosted numerous online auctions for Koster.  *Id.*

¶ 8.  The online auctions were typically open for approximately two-months.  *Id.* ¶ 8.  Pursuant

to the Auction Event Form executed by Koster before each of the respective online auctions,

Koster agreed to pay BidSpotter a $375 Timed Online Only Auction Event Fee and a

transaction-based fee of 3% of the aggregate hammer price paid by online bidders placing the

winning bid for auctioned items.  *Id.* ¶ 9.  Shortly after the conclusion of each of the auctions,

BidSpotter forwarded an invoice to Koster demanding payment in two weeks.  *Id.* ¶ 10.

Koster frequently made partial payments.  For example, the most recent invoice sent to

Koster was dated October 9, 2020 and demanded payment by October 24, 2020.  *Id.*  Koster

made two partial payments – one payment of $35,905.43 on April 3, 2020 and one payment of

$78,270.65 on August 18, 2020 – leaving a balance of $1,648.65.  *Id.* ¶ 12.  Similarly, Koster

remains in default on 22 other invoices from auctions occurring between December 2019 and

September 2020.  *Id.* ¶ 13.  The total amount due on the 23 invoices is $167,148.95, calculated as

follows:

| Event Number | Invoice No. | Invoice Date | Due Date | Balance |
|---|---|---|---|---|
| bscko10407 | 36590 | 01/30/2020 | 02/14/2020 | 1,749.75 |
| bscko10406 | 36668 | 01/31/2020 | 02/15/2020 | 1,494.45 |
| bscko10405 | 36709 | 02/07/2020 | 02/22/2020 | 2,775.30 |

| bscko10404 | 36777 | 02/17/2020 | 03/03/2020 | 1,599.00 |
| bscko10409 | 36783 | 02/18/2020 | 03/04/2020 | 994.80 |
| bscko10408 | 36850 | 02/27/2020 | 03/13/2020 | 3,600.75 |
| bscko10410 | 36871 | 02/29/2020 | 03/15/2020 | 7,173.75 |
| bscko10411 | 36963 | 03/12/2020 | 03/27/2020 | 1,250.00 |
| bscko10411 | 37033 | 03/23/2020 | 04/07/2020 | 10,011.75 |
| bscko10412 | 37081 | 03/24/2020 | 04/08/2020 | 1,837.50 |
| bscko10414 | 37150 | 03/31/2020 | 04/15/2020 | 749.10 |
| bscko10413 | 37163 | 03/31/2020 | 04/15/2020 | 1,815.75 |
| bscko10415 | 37185 | 04/07/2020 | 04/22/2020 | 1,087.50 |
| bscko10417 | 37259 | 04/24/2020 | 05/09/2020 | 2,108.55 |
| bscko10416 | 37509 | 05/31/2020 | 06/15/2020 | 566.70 |
| bscko10418 | 38035 | 07/28/2020 | 08/12/2020 | 98,788.95 |
| bscko10420 | 38087 | 07/31/2020 | 08/15/2020 | 504.60 |
| bscko10419 | 38107 | 07/31/2020 | 08/15/2020 | 3,086.55 |
| bscko10421 | 38293 | 08/26/2020 | 09/10/2020 | 14,438.85 |
| bscko10423 | 38351 | 08/31/2020 | 09/15/2020 | 1,522.35 |
| bscko10422 | 38399 | 09/09/2020 | 09/24/2020 | 3,246.30 |
| bscko10424 | 38446 | 09/11/2020 | 09/26/2020 | 5,098.05 |
| bscko10425 | 38704 | 10/09/2020 | 10/24/2020 | 1,648.65 |

TOTAL BALANCE DUE          $      167,148.95

*Id.* ¶¶ 13-15,  Ex. A.

3

### B.    Procedural Background

As indicated above, BidSpotter filed the complaint in this action on March 30, 2021.

ECF No. 1.  The summons and complaint were served on Koster by service on the New York

State Department of State on April 12, 2021.  ECF No. 7.  On May 12, 2021, the plaintiff filed a

request for a certificate of default with the Clerk of Court.  ECF No. 9.  Seven days later, the

Clerk of the Court certified that Koster had failed to answer or otherwise move with respect to

the complaint.  ECF No. 13.  On May 21, 2021, the plaintiff filed the instant motion for a default

judgment.  ECF No. 11.  ECF No. 14.  Despite being served with a copy of the motion by

certified mail, to date, Koster has not opposed the motion for default judgment or responded in

any way.

### DISCUSSION

### A.    Legal Standard Governing Default Judgments

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default

judgments.  First, the Clerk of the Court enters the party's default.  Then, as here, a motion for a

default judgment is made to the district court judge.  A default constitutes an admission of all

well-pleaded factual allegations in the complaint, except those relating to damages.  *See*

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see*

*also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016,

at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's

complaint pertaining to liability are deemed true").  However, even if a plaintiff's claims are

deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint

state valid claims.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d

Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's

allegations establish the defendant's liability as a matter of law'" prior to entering default

judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted).

A default also "effectively constitutes an admission that the damages were proximately caused

by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon

which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v.*

*Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997).  The movant need only prove that the

"compensation sought relate[s] to the damages that naturally flow from the injuries pleaded."

*Greyhound*, 973 F.2d at 159.

> **B.     Breach of Contract Claim**

A breach of contract action is generally pleaded by stating "(1) the terms of the contract,

(2) the performance by the plaintiff of [its] obligations, (3) the breach by the defendant, (4)

damages, and (5) consideration." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *accord*

*Kausal v. Educ. Prods. Info. Exchange Institute*, 105 A.D.3d 909, 910, 964 N.Y.S.2d 550 (2d

Dep't 2013).  Under New York law, "[a] party injured by breach of contract is entitled to be

placed in the position it would have occupied had the contract been fulfilled according to its

terms." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007)

(citing *Boyce v. Soundview Tech. Group, Inc.*, 464 F.3d 376, 384 (2d Cir. 2006)).

In this matter, BidSpotter has pleaded the existence of a series of agreements with

identical terms, pursuant to which it agreed to host online auctions on behalf of Koster.  *See*

Compl. ¶ 8-9.  In exchange for these services, Koster agreed to pay BidSpotter a $375.00 fee for

each of the auctions plus transaction-based fees of 3% of the aggregate hammer price paid by

online bidders placing the winning bid for auctioned items.  *Id.* ¶ 9.  BidSpotter hosted 23 online

auctions for Koster and forwarded invoices to Koster for each event.  *Id.* ¶¶ 8-10.  Koster has

made only partial payments with respect to those invoices and currently owes BidSpotter a total of $167,148.95.  *Id.* ¶ 13.  In light of the above, the Court finds that the plaintiff has sufficiently pleaded that Koster is liable for breach of contract and respectfully recommends that BidSpotter be awarded $167,148.95.

BidSpotter also seeks prejudgment interest.  Grant Decl. ¶¶ 22-4.  Pursuant to Section 5001 of New York Civil Practice Law and Rules, a party may recover prejudgment interest "upon a sum awarded because of a breach of performance of a contract." *See Cont'l Cas. Co. v. Contest Promotions NY, LLC*, No. 15-CV-501 (MKB), 2016 WL 1255726, at *7 (E.D.N.Y. Mar. 28, 2016) (quoting N.Y. C.P.L.R. § 5001(a)).  Section 5004 sets the rate of prejudgment interest at nine percent.  *Id.* (citing N.Y. C.P.L.R. § 5004).  Interest is calculated from the earliest ascertainable date the cause of action existed.  *Id*. (citing N.Y. C.P.L.R. § 5001(b)).  "'In New York, a breach of contract cause of action accrues at the time of the breach.'" *Id.* (citing *Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402 (1993) (citations omitted)).  In this case, BidSpotter has calculated interest from the date of Koster's final breach, that being, October 24, 2020.  Applying the 9% interest rate from October 24, 2020 to the date the motion was filed, BidSpotter seeks $8,613.90 in prejudgment interest.  The undersigned has reviewed this calculation and further recommends that BidSpotter be awarded $8,613.90 in prejudgment interest.

### C.     Accounts Stated

The complaint in this action sufficiently alleges that a series of valid contracts existed between the parties, which Koster breached, causing damage to BidSpotter.  Since this dispute is governed by valid contracts, BidSpotter is not entitled to recover on an accounts stated theory. *See Cont'l Cas. Co.,*2016 WL 1255726, at *4 (citing *Eastman Kodak Co. v. Berkshire-Westwood*

*Graphics Grp., Inc.*, No. 09-CV-6185L, 2010 WL 2710975, at *2 (W.D.N.Y. July 6, 2010) (granting default judgment as to breach of contract claim but dismissing alternate claims for unjust enrichment, account stated, conversion and replevin as duplicative)). Accordingly, the undersigned further recommends that the claim for accounts stated be dismissed.

### OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for the plaintiff shall serve a copy of this Report and Recommendation on the defendant upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
     January 3, 2022
                                          _____/s/_____
                                          ARLENE R. LINDSAY
                                          United States Magistrate Judge